```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 04-cr-216-01-SM

James Tobin

**O R D E R**

The prosecution and the defendant jointly move to continue the trial of this case for ninety days, until December 6, 2005.

The motion to continue is the second filed since the superceding indictment was returned by the grand jury on May 18, 2005. Trial on the original indictment was scheduled for June of this year and, obviously, the first motion to continue was a practical necessity given the late-May return of the superceding indictment. So, in substance if not form, this joint motion is the first relative to the new indictment. If granted, trial on the controlling indictment will occur within seven months of its return, which hardly seems an "unreasonable" or "undue" delay, particularly given what appear to be legally and factually complex motions in the offing.

The New Hampshire Democratic Party ("NHDP"), casting itself as a victim of the charged offenses under the Crime Victim's Rights Act ("CVRA"), 18 U.S.C. § 3771, has filed an objection to the joint motion to continue.  Essentially, the superceding indictment alleges that this defendant conspired with others to interfere with New Hampshire citizens' rights to vote freely, by jamming phone lines set up to facilitate "get out the vote" efforts by the NHDP and the Manchester Professional Firefighters' Association.

It may be that the NHDP is a "person" who has been "directly and proximately harmed as a result of the commission of a federal offense" within the meaning of the CVRA (18 U.S.C. § 3771(e)). Of course, whether <u>this</u> defendant committed such an offense remains to be seen – he is merely accused at this point; he has pleaded not guilty; and the government has yet to meet its high burden of proving every essential element of any charged offense beyond a reasonable doubt.

If the NHDP is a victim under the CVRA, and I will assume it falls within that category, then it is entitled to specific

rights enumerated in that statute. 18 U.S.C. § 3771(a). Among those rights are two that seem pertinent for purposes of this motion. The first is "the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). I doubt, but need not decide, whether a pending motion to continue constitutes a public proceeding at which the NHDP is entitled to be heard. It seems evident that even if the pending motion to continue qualifies as a "public proceeding" within the statute's reach, it plainly is not one "involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). But, in any event, the CVRA provides another more appropriate basis for the NHDP's limited participation.

The second pertinent victim's right conferred by the statute is the right to "proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). That right "shall be asserted in the district court" and, if relief is denied, a petition for a writ of mandamus lies in the court of appeals. Accordingly, the NHDP's objection to the joint motion for continuance is properly

asserted by pleading – here an objection – in the district court. 18 U.S.C. § 3771(a)(7).

Although properly asserted, the NHDP's objection is without merit.  Congress, in enacting the CVRA did not mean to undermine the Speedy Trial Act, 18 U.S.C. § 3161, et seq., nor to deprive either criminal defendants or the government of a full an adequate opportunity to prepare for trial.  The defendant's right to adequate preparation is, of course, of constitutional significance as well.  Both the defendant and the prosecution agree that an additional ninety days will facilitate each's preparation, and will allow for hearing and deliberate consideration of legally and factually complex motions to be filed, before trial commences.  The record discloses no reason to doubt their joint assessment.

Although the NHDP's interest in having this case proceed forthwith is important, of equal importance is the court's duty to ensure that both the defendant and government receive due process and a fair trial.  This litigation may be proceeding with less speed than the NHDP would prefer, given its own discrete

interests, but it is worthwhile to reflect on the old adage that the wheels of justice grind slowly, but they grind exceedingly fine.  The alternative – precipitous spinning of the powerful wheels of justice merely to satisfy popular demand – runs the unacceptable risk of those wheels running over the rights of both the accused and the government, and in the end, the people themselves.

A trial within seven months of the superceding indictment does not constitute either "undue" or "unreasonable" delay.  The requested continuance is consistent with the Speedy Trial Act's purposes, is consistent with the defendant's constitutional right to due process of law, and violates no legitimate claim of right advanced by the NHDP.

### Conclusion

The joint motion for continuance is granted.  Trial on the superceding indictment shall be scheduled for the trial period commencing on December 6, 2005.  However, recognizing the statutory right of victims (which, if the allegations are proven, include the entire body-politic and not just the organized NHDP)

and taking into account the court's statutory obligation to "ensure that [all] crime victim[s] [are] afforded the rights described," the parties are hereby put on notice that no further continuance will be granted in the absence of extraordinary circumstances.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 22, 2005

cc:  Todd M. Hinnen, Esq.
     Brian T. Tucker, Esq.
     Dane Butswinkas, Esq.
     Dennis M. Black, Esq.
     Tobin J. Romero, Esq.